**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AYMAN SAADEH, individually and on behalf of a collective of persons similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | 26 CV 11311 |
| MAD CHICKEN INC., MAD CHICKEN LLC, MAD CHICKEN GB, LLC, MAD CHICKEN KAUKAUNA LLC, MAD CHICKEN MENASHA LLC, MAD CHICKEN MKE LLC, MAD CHICKEN OSHKOSH, LLC, and MAD CHICKEN WI LLC, | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Ayman Saadeh ("Saadeh"), individually and on behalf of a class of persons similarly situated, through counsel, Vaziri Law LLC, and for his Complaint against Mad Chicken Inc., Mad Chicken LLC, Mad Chicken GB, LLC, Mad Chicken Kaukauna LLC, Mad Chicken Menasha LLC, Mad Chicken MKE LLC, Mad Chicken Oshkosh, LLC, and Mad Chicken WI LLC (collectively "Defendants"), states as follows:

## INTRODUCTION

1. Saadeh is a former hourly employee of Defendants Mad Chicken Inc. and either Mad Chicken MKE LLC or Mad Chicken WI LLC or Mad Chicken LLC, and he filed this individual and collective action, because the Defendants did not pay him and other similarly situated employees the full and proper amount of wages earned and owed to him per municipal code and federal law. Saadeh seeks collective action certification of his claims brought under the Fair Labor Standards Act ("FLSA").

2. This lawsuit arises under the FLSA, 29 U.S.C. § 201 *et seq.*, against all Defendants for failure to pay Plaintiff and other similarly situated employees 1 and ½ times their regular rate of pay for all hours worked in excess of forty hours in a work week.

3. This lawsuit also arises under the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS § 115/1 *et seq.* for failure to timely pay Plaintiff for all hours worked at a rate agreed to by the parties.

4. This lawsuit also arises under the Chicago Minimum Wage Ordinance ("CMWO"), Chicago Mun. Code § 6-105 *et seq.*, against Defendant Mad Chicken Inc. for failure to pay Plaintiff 1 and ½ times his regular rate of pay for all hours worked in excess of forty (40) hours in a work week.

5. This lawsuit also arises under the CMWO, Chicago Mun. Code § 6-105 *et seq.*, against Defendant Mad Chicken Inc. for failure to pay Plaintiff the statutory minimum wage for the city of Chicago, Illinois.

**JURISDICTION AND VENUE**

6. Jurisdiction is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) on the basis of federal question jurisdiction as the matter concerns an action arising under the laws of the United States.

7. This Court has supplemental jurisdiction over Plaintiff's municipal ordinance claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

9. Saadeh is a resident of Chicago, Cook County, Illinois.

10. Mad Chicken Inc. is an Illinois corporation with a principal location in Chicago, Illinois.

11. Mad Chicken LLC and Mad Chicken Menasha LLC, are Wisconsin limited liability companies with principal locations in Appleton, Wisconsin.

12. Mad Chicken Kaukauna LLC is a Wisconsin limited liability company with a principal office located in Neenah, Wisconsin.

13. Mad Chicken MKE LLC is a limited liability company with a principal location in Milwaukee, Wisconsin.

14. Mad Chicken GB, LLC is a limited liability company with a principal location in Green Bay, Wisconsin.

15. Mad Chicken Oshkosh, LLC is a limited liability company with a principal location in Oshkosh, Wisconsin.

16. Mad Chicken WI LLC is a limited liability company with a principal location in Greenfield, Wisconsin.

17. At all relevant times, Defendants were "employers" as defined by the FLSA and the CMWO.

18. At all relevant times, Saadeh and the putative Class were hourly-paid, non-exempt employees as defined by the FLSA and the CMWO.

## FACTUAL BACKGROUND

19. Defendant Mad Chicken Inc. hired Saadeh on February 15, 2026, as a chef in its kitchen.

20. Saadeh completed a 14-day training period at a Mad Chicken location located at 2045 E. North Ave. location in Milwaukee, Wisconsin. That location is owned and operated by Defendant Mad Chicken MKE LLC or Mad Chicken WI LLC or Mad Chicken LLC.

21. After the training period ended, Saadeh began working at Defendant Mad Chicken Inc.'s 1214 N. Milwaukee Ave. location in Chicago, Illinois.

22. Defendant Mad Chicken Inc. paid Saadeh $10.00 per hour in his role as a chef. Defendant Mad Chicken, Inc. told Saadeh that the $10.00 per hour rate was only temporary (*i.e.* for his first week of training at the Chicago location), but it never changed that hourly rate for the work he performed in Chicago.

23. Defendant Mad Chicken Inc. told Saadeh that it would pay him $20.00 per hour after the training period ended.

24. Defendant Mad Chicken Inc. also agreed to pay Saadeh $40.00 per hour for any overtime he worked.

25. Saadeh worked from 12:00 p.m. to 12:00 a.m. Monday-Sunday for Defendant Mad Chicken Inc., but it never paid him the proper overtime premium.

26. When Saadeh questioned his manager, Mahmoud Elsaadawy, about Mad Chicken Inc.'s failure to pay him proper overtime wages, Elsaadawy told him that the Defendants do not pay any of their employees the proper overtime wages.

27. Upon information and belief, none of the Defendants paid their employees proper overtime wages.

**COUNT I**
**(Collective action for violation of the FLSA, 29 U.S.C. § 201 *et seq.* (overtime) against all Defendants)**

28. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as though fully alleged herein.

29. Plaintiff brings Count I as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

30. The FLSA provides that employers shall pay employees 1 and ½ times their regular rate of pay for all hours worked in excess of forty in any given work week. 29 U.S.C. § 207.

31. Defendants failed to pay Saadeh and members of the collective overtime wages as outlined above.

32. For this count, Saadeh seeks certification of the following collective of similarly situated persons pursuant to the FLSA:

> All persons who worked for Defendants as hourly employees any time between September 15, 2023 and until final resolution of this case and who did not receive the full statutory overtime wages for all hours worked in excess of forty in any given work week ("the collective").

33. Defendants were aware of and permitted Saadeh and the collective to work without paying them statutory overtime wages.

34. In the alternative, Defendants should have known they were not paying Saadeh and the collective statutory overtime wages.

35. Saadeh and the proposed collective have been equally affected by Defendants' violations of the FLSA which amounts to a single decision, policy, or plan to avoid paying all overtime wages.

36. There are questions of law and fact common to Plaintiff and the collective.

37. Saadeh and the collective are similarly situated.

38. Saadeh's claims or defenses are typical of the claims or defenses of the collective.

39. On information and belief, the number of employees who comprise the collective exceeds forty.

40. This is not a collusive or friendly action.

41. Saadeh has retained counsel with the requisite experience.

42. Saadeh's counsel will fairly and adequately protect the interests of the collective.

43. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in this count.

44. Saadeh and the collective have been damaged by Defendants' policy and practice of failing to pay the full amount of overtime wages due to them pursuant to the FLSA.

WHEREFORE, Plaintiff Ayman Saadeh, individually and on behalf of all other similarly situated persons, demands a trial by jury on this and all counts so triable, and respectfully requests the following relief:

(a) An order directing the Defendants to tender the names, last known addresses, email addresses, and phone numbers of the collective with leave for Plaintiff's counsel to send notice of this lawsuit to them and allow them the opportunity to opt-in as party plaintiffs pursuant to the FLSA, 29 U.S.C. § 216(b);
(b) An award for Plaintiff and all persons who opt-in of all unpaid overtime wages they earned;
(c) An award of liquidated damages equal to the amount of all unpaid overtime wages;
(d) Pre-judgment and post-judgment interest as provided by law;
(e) Attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b); and
(f) Such further relief allowed by law and that this Court deems appropriate.

**COUNT II**
**(Violation of the IWPCA, 820 ILCS § 115/1 *et seq.* (agreed to rate)—Saadeh individually against Mad Chicken, Inc.)**

45. Saadeh repeats and re-alleges the allegations of paragraphs 1 through 27 as though fully set forth herein.

46. Pursuant to the IWPCA, Defendant Mad Chicken, Inc. was required to pay Saadeh at a rate they agreed to for all overtime hours he worked.

47. Defendant Mad Chicken Inc. did not pay Saadeh the rate they agreed to (*i.e.*, $40.00 per hour) for all overtime hours he worked.

48. Defendant Mad Chicken Inc. was aware of and permitted Saadeh to work without paying him the rate they agreed to for overtime hours he worked.

49. In the alternative, Defendant Mad Chicken Inc. should have known it did not pay Saadeh the rate they agreed to for overtime hours he worked.

WHEREFORE, Plaintiff Ayman Saadeh respectfully requests the following relief:

(a) Award Plaintiff the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid per 820 ILCS 115/14;

(b) Pre-judgment and post-judgment interest as provided by law;

(c) Costs and attorney's fees incurred prosecuting this claim per 820 ILCS 115/14; and

(d) Such further relief that this Court deems appropriate.

**COUNT III**
**(Violation of the CMWO, Chicago Mun. Code § 6-105 *et seq.* (overtime)—Saadeh individually against Mad Chicken Inc.)**

50. Saadeh repeats and re-alleges the allegations of paragraphs 1 through 27 as though fully alleged herein.

51. Pursuant to the CMWO, Defendant was required to pay Saadeh at a rate of not less than one and one-half times his regular rate of pay for all hours worked in excess of forty hours per workweek.

52. Defendant Mad Chicken Inc. did not pay Saadeh overtime wages as outlined above.

53. Defendant Mad Chicken Inc. was aware of and permitted Saadeh to work without paying him overtime wages.

54. In the alternative, Defendant Mad Chicken Inc. should have known it was not paying Saadeh statutory overtime wages.

WHEREFORE, Plaintiff Ayman Saadeh respectfully requests the following relief:

(a) Award Plaintiff all unpaid overtime wages and other compensation due under the CMWO, Chicago Mun. Code § 6-105 *et seq.*;

(b) Treble damages available under the CMWO, Chicago Mun. Code § 6-105-110;

(c) Pre-judgment and post-judgment interest as provided by law;

(d) Costs and attorney's fees incurred prosecuting this claim pursuant to Chicago Mun. Code § 6-105-110; and

(e) Such further relief that this Court deems appropriate.

**COUNT IV**
**(Violation of the CMWO, Chicago Mun. Code § 6-105 *et seq.* (minimum wage)—Saadeh individually against Mad Chicken Inc.)**

55. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as though fully alleged herein.

56. Pursuant to Chicago Mun. Code § 6-105-020, Defendant was required to pay Saadeh at least $16.50 per hour for all hours worked between July 1, 2025 and July 1, 2026.

57. Defendant failed to pay Saadeh the legally required minimum wage in violation of the CMWO.

58. Defendant was aware of and permitted Saadeh to work without paying him the statutory minimum wage per the CMWO.

59. In the alternative, Defendant should have known that Saadeh was not being paid the statutory minimum wage per the CMWO.

WHEREFORE, Plaintiff Ayman Saadeh demands a trial by jury on this, and respectfully requests the following relief:

(a) Award Plaintiff all unpaid wages and other compensation due under the CMWO, Chicago Mun. Code § 6-105 *et seq.*;

(b) Treble damages available under the CMWO, Chicago Mun. Code § 6-105-110;

(c) Pre-judgment and post-judgment interest as provided by law;

(d) Costs and attorney's fees incurred prosecuting this claim pursuant to Chicago Mun. Code § 6-105-110; and

(e) Such further relief that this Court deems appropriate.

**Jury trial demanded.**

Respectfully submitted,

/s/ Pasha Vaziri
*Counsel for Plaintiff*

Pasha Vaziri
Vaziri Law LLC
111 W. Washington St., Ste. 1500
Chicago, IL 60602
(312)690-2610
pvaziri@vaziri.law
ARDC No.: 6301091